UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT ALLEN RYTLEWSKI,

            Plaintiff,

-against-

GOVERNMENT OF THE UNITED STATES,

           Defendant.

20-CV-8543 (LLS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION

LOUIS L. STANTON, United States District Judge:

    Plaintiff, a resident of Michigan appearing *pro se*, initiated this action by filing a document titled "Petition Government for the redress of grievance," accompanied by a "Miscellaneous Case Cover Sheet." (ECF Nos. 1-2.) But the Clerk of Court opened this matter as a new civil action rather than a miscellaneous one. On October 22, 2020, Chief Judge Colleen McMahon directed Plaintiff to either pay the full $400.00 filing fee for a civil action or, to request permission to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application.

    On October 22, 2020, Plaintiff submitted a letter asserting that his petition was mischaracterized as a civil rather than a miscellaneous action.[1] (ECF No. 5.) And on October 27, 2020, he submitted a notice and motion stating that as a veteran, he is exempt from paying the filing fees prescribed under 28 U.S.C. § 1914 for a civil action. (ECF No. 6.) This matter was later reassigned to the undersigned.

---

[1] Plaintiff also attaches to his letter as "Enclosure 2" a copy of another petition he submitted to the Court, which he claims is "missing in action." (ECF No. 5, at 1, 3-21.) That petition is not missing, but rather is pending under a different case number. *See Rytlewski v. Government of the United States*, ECF 1:20-CV-8823, 1 (S.D.N.Y. filed Oct. 6, 2020).

After reviewing Plaintiff's submissions, the Court finds that the petition was properly opened as a civil action, and that Plaintiff is not exempt from paying the filing fees.

## DISCUSSION

A.  **Plaintiff's Petition Is Not a Miscellaneous Action**

Rule 2 of the Federal Rules of Civil Procedure states that, "[t]here is one form of action – the civil action." *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Nothing in Plaintiff's submissions suggests any reason to depart from this clear Rule.

Plaintiff argues that his case should have been opened as a miscellaneous action. But that docket is restricted for specified matters that are not civil actions. Instructions on use of the miscellaneous docket are found in the District Court Clerks' Manual, published by the Administrative Office of the United States Courts; the Manual provides instructions to United States District Court clerks nationwide. The Manual states that the Clerk classifies civil matters as either civil or miscellaneous cases depending on the nature of the relief sought in the initiating document. *Id.* § 3.02. As for when a miscellaneous number should be assigned, the Manual provides, in relevant part:

> Miscellaneous numbers are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases. These matters, however, may be directly or indirectly related to civil or criminal cases pending within the district or another district. In general, miscellaneous actions are used for administrative matters that require resolution through the judicial system.

*Id.* § 4.03(a)(1). The Manual further lists the following matters for assignment of miscellaneous case numbers: foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters,

internal revenue service third party record keeper actions, and proceedings against sureties. *Id*. § 4.03(a).

Plaintiff fails to demonstrate that the Clerk should have opened his petition as a miscellaneous action. He filed this petition seeking redress from the United States Government for the alleged deprivation of his rights caused by errors in the records of the United States Department of Defense. Plaintiff asserts that the matter is a miscellaneous case because he did not intend

> to "charge" the United States in a court of law adversarial proceeding, but instead to have a hearing on the merits of [his] grievance by an agent (Chancellor) of the United States empowered to right any wrongs caused by administrative errors or omissions in the official records of the United States and compensate [his] damages.

(ECF No. 5, at 1.) But Plaintiff's petition is not related to any pending case or proceeding, nor does it fall within the list of ancillary administrative matters that qualify under the District Clerks' Manual as miscellaneous cases. *See Rodrick v. Kauffman*, 455 F. Supp. 3d 546, 547 (M.D. Tenn. 2020) (holding that, as defined by the District Clerks' Manual, a miscellaneous case is an ancillary proceeding that is directly or indirectly related to a civil or criminal case); *In re Bahadur*, 441 F. Supp. 3d 467, 471-72 (W.D. Tx. 2020) (same); *Robinson v. Ct. Clerks, E. Dist. of California, Sacramento*, No. 11-CV-2679, 2012 WL 219147, at *2 (E.D. Cal. Jan. 24, 2012) (defining "miscellaneous case" as "a number assigned to an ancillary or supplementary proceeding not defined as a civil or criminal action").

The Clerk of Court appropriately opened Plaintiff's petition as a new civil action.

**B.     Plaintiff Is Not Exempt from Paying Filing Fees**

Generally, to proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or request permission to proceed

3

without prepayment of fees by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. But Congress has enacted other laws relieving certain litigants of the obligation to prepay filing fees, particularly in the context of suits brought by members of the armed services. For example, seamen may file suit without prepaying fees or costs, *see* 28 U.S.C. § 1916; military personnel seeking review of courts-martial may petition the Supreme Court for writ of certiorari without prepayment of fees and costs, *see* 10 U.S.C. § 867a; and litigants bringing employment discrimination cases under the Uniformed Services Employment and Reemployment Rights Act (USERRA) are exempt from being charged fees or court costs, *see* 38 U.S.C. § 4323(h)(1).

Plaintiff claims that he is exempt from the filing fees for this action because of his veteran's status. In support of his contentions, he cites Rule 40(1) of the Rules of the Supreme Court of the United States Court, which provides a procedure for veterans "suing under any provision of law exempting veterans from the payment of fees or court costs" to proceed in that court without "prepayment of fees or costs." Sup.Ct. R. 40(1). Plaintiff asserts that the "Supreme Court of the United States is responsible for rules for the district courts of the United States." (ECF No. 6, at 1.) Purportedly in accordance with the Supreme Court's procedure, he requests to proceed as a veteran and submits a card from the Department of Veterans Affairs to establish he is a veteran. (*Id*. at 1-9.)

Plaintiff's status as a veteran does not exempt him from the obligation to pay the court filing fees for this action in this court. He is not bringing a case as a seaman, seeking review of a court martial, or proceeding under USERRA. Plaintiff's reliance on the Supreme Court's Rule 40(1) is misplaced, because the Supreme Court's Rules prescribe procedures for practice *in that court*, not in federal district courts such as this one. In fact, Rule 40 is consistent with the federal statutes exempting from court fees seamen and those seeking review of a court martial, or

proceeding under USERRA. Plaintiff purportedly brings this action under Article 139 of the Uniform Code of Military Justice, 10 U.S.C. § 939, but nothing in that statute suggests that a veteran is exempt from the statutory filing fee requirements of 28 U.S.C. § 1914.

For these reasons, the Court denies Plaintiff's request to proceed without paying the filing fees. Plaintiff is not precluded, however, from showing that he qualifies to proceed without prepayment of fees because he can't afford those fees. He must make any such showing by using the court's form IFP application.

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit an IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 20-CV-8543 (LLS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[2]

The Court finds that the petition was properly opened as a civil action. The Court denies Plaintiff's motion (ECF No. 6) to proceed without prepayment of fees, but without prejudice to his applying again by using the court's form IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit an IFP application.

If Plaintiff complies with this order, the case will be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time

---

[2] Plaintiff consents to receive electronic service of notices and documents in this case. (ECF No. 3.)

allowed, the action will be dismissed.

SO ORDERED.

Dated:   November 9, 2020
         New York, New York

                                                                  Louis L. Stanton
                                                                       U.S.D.J.